THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CESAR SARAUSAD,

        Plaintiff,

v.

DOUG WADDINGTON,

        Defendant.

Case No. C02-2547-JCC

ORDER

This matter comes before the Court on the Report and Recommendation of Magistrate Judge James P. Donohue (Dkt. No. 76), and Petitioner's Objections (Dkt. No. 77). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation, DENIES the habeas petition, and DISMISSES this matter with prejudice.

## I. BACKGROUND

This case arose out of a fatal drive-by shooting into a group of students standing in front of Ballard High School in Seattle. Melissa Fernandes, then sixteen years old, died; her two companions, Ryan Lam and Tam Nguyen, avoided injury; another student, Brent Mason, was struck by bullet fragments. Three young men who were associated with the 23rd Street Diablos, a street gang, were tried together for first-degree (premeditated) murder, first-degree attempted murder, and assault. Brian Ronquillo, the gunman, was convicted as charged on all counts. Cesar Sarausad, Petitioner here, was the driver of the car. The jury convicted Sarausad of the lesser-included offenses of second-degree intentional murder, attempted second-degree

1 | murder, and second-degree assault. Jerome Reyes was a passenger. The jury could not reach a verdict as to Reyes, and the judge declared a mistrial as to him. The Washington courts affirmed Sarausad's conviction and sentence on direct review, *State v. Ronquillo*, 1998 WL 87641 (Wash. Ct. App. Mar. 2, 1998), *review denied by State v. Ronquillo*, No. 667781-1 (Wash. Oct. 1, 1998) (Dkt. No. 7 at 243), and his state personal restraint petition was also denied, *Sarausad v. State*, 39 P.3d 308 (Wash. Ct. App. 2001), *review denied by In re Sarausad*, No. 72160-2 (Wash. July 10, 2002) (Dkt. No. 7 at 616).

Sarausad then commenced federal habeas proceedings, raising four claims for relief. In 2004, Magistrate Judge Monica J. Benton recommended that the habeas petition be granted on two of the four grounds—first, that there was insufficient evidence to convict Sarausad, and second, that the jury instructions on accomplice liability, in combination with other factors, unconstitutionally relieved the State of its burden of proof. (Dkt. No. 33.) She declined to reach the merits of the other two claims. This Court agreed with Judge Benton's recommendation and granted the writ subject to the State's election to retry Sarausad. (Dkt. No. 40.) The Ninth Circuit then affirmed, holding that the jury instructions on accomplice liability, in combination with other factors, were unconstitutionally ambiguous. *Sarausad v. Porter*, 479 F.3d 671 (9th Cir. 2007). The Supreme Court, in a 6–3 decision, then reversed. *Waddington v. Sarausad*, 129 S.Ct. 823 (2009). The Court remanded to this Court for further proceedings. The two grounds for relief not considered originally are thus reviewed by this decision.

Those two grounds are as follows. Petitioner first contends that the Washington statute on accomplice liability violates the Due Process Clause because it fails to give adequate notice that an accomplice will be guilty of murder for aiding in the commission of a drive-by shooting. (Dkt. No. 74, at 15–19.) Second, he argues that the jury instructions on accomplice liability violated the Equal Protection Clause because they allowed Sarausad to be convicted of murder and attempted murder with less evidence of intent than required to convict the principal. (Dkt. No. 1 at 10; Dkt. No. 9 at 56–60; Dkt. No. 74 at 19–25.)

## II. STANDARD OF REVIEW

A state prisoner may collaterally attack his or her detention in federal court if he is being held in violation of the Constitution or laws and treaties of the United States. 28 U.S.C. § 2254(a). Federal review of state incarceration is sharply limited, however. Under the strict standards imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a state prisoner's habeas petition unless the state court's adjudication (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *Id.* § 2254(d). On the whole, this is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal citations omitted). Moreover, there is an "especially heavy" burden placed on petitioners who, like Sarausad, seek to show constitutional error from a jury instruction that quotes a state statute. *Waddington*, 129 S. Ct. at 831 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)). There is no federal habeas relief available for errors of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Petitioner filed objections to Judge Donohue's Report and Recommendation. When objections are filed, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objection has been made. 28 U.S.C. § 636(b)(1).

Additionally, because this is the Court's final order in this matter, the December 1, 2009 amendments to Rule 11(a) of the Federal Rules Governing Section 2254 Cases require the Court to determine in this Order whether a certificate of appealability should issue. The Court finds additional briefing on this issue unnecessary.

1    The Antiterrorism and Effective Death Penalty Act of 1996 requires a habeas petitioner

2    appealing the denial of a 28 U.S.C. § 2254 to obtain a certificate of appealability. 28 U.S.C. §

3    2253(c).  A court may issue a certificate of appealability only if the "applicant has made a

4    substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A

5    petitioner must show that "reasonable jurists could debate whether . . . the petition should have

6    been resolved in a different manner or that the issues presented were adequate to deserve

7    encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal

8    quotations omitted). The decision to issue a certificate of appealability turns not on the court's

9    assessment of the applicant's chances for success on appeal, but whether the appeal would

10   raise material and debatable questions. *See Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

**III.    DISCUSSION**

**A.  Petitioner's Due Process Claim**

Sarausad's first argument here is that the Washington statute on accomplice liability violates due process because it fails to provide fair notice to a defendant that knowingly assisting in a "drive-by shooting" renders the accomplice liable for an intentional murder committed by the principal. (R&R (Dkt. No. 76 at 5).) Judge Donohue's analysis of Petitioner's mostly semantic argument is thorough and sound; he determined that (1) Sarausad was convicted as an accomplice for "the crime," which, all relevant portions of the record considered, unquestionably was murder (not a drive-by shooting); and (2) even if the state courts erred in applying the accomplice-liability statute to him, there is no federal habeas relief for errors of state law. (R&R (Dkt. No. 76 at 5–10).) The Court adopts Judge Donohue's reasoning on these points in full.

Petitioner maintains, in his objections, that the state courts said that the law was one thing, and then said it was something else in Sarausad's case. Petitioner is arguing that the state courts held Petitioner liable for murder when, according to Sarausad, they only believed him to be guilty of the separate felony of "drive-by shooting." (Objections 2 (Dkt. No. 77).) Petitioner

argues that this principle is contrary to *State v. Cronin*, 14 P.3d 752 (Wash. 2000), which held that an accomplice must have acted with knowledge that his or her conduct would promote or facilitate the underlying crime—not *any* crime. "If nothing else," Petitioner maintains, "Sarausad lacked notice that a special exception to the law would be made for him." (Objections 2 (Dkt. No. 77).)

Petitioner is first reminded of the Court's constrained standard of review. Under AEDPA, and as relevant to this claim, a federal court may not grant a state prisoner's habeas petition unless the state court's adjudication was contrary to, or unreasonably applied clearly established Supreme Court precedent. *Id.* § 2254(d). The Court here is absolutely constrained, in this Due Process challenge, to consider only whether Washington's accomplice liability statute fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in such a manner that does not encourage arbitrary and discriminatory conduct." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972). Even if the Washington state courts of appeal in Sarausad's case applied the accomplice-liability statute confusingly, or incorrectly, to the facts of his case, this fact does not create a due process notice violation; at most, it creates a state-law problem, which, as Judge Donohue correctly observed, is outside the scope of review in a federal habeas petition. *Estelle*, 502 U.S. at 67–68. Petitioner has alerted the Court to no case in the Supreme Court's due-process vagueness jurisprudence that would support this proposition—and that is the only authority that this Court may consider.

Even so, there was no "special exception" made for Sarausad. The Court finds it likely that it is merely an unfortunate coincidence that, in Washington, committing a drive-by shooting is its own Class B felony. WASH. REV. CODE 9A.36.045. Contrary to Petitioner's assertions, the Washington Court of Appeals did *not* hold that Petitioner was guilty of murder by way of the crime of "drive-by-shooting" that is codified at section 9A.36.045; instead, it used the term "drive-by shooting" colloquially to describe the particular conduct in this case.

ORDER
PAGE - 5

*See Sarausad*, 39 P.3d at 836 –38. Specifically, the state appeals court's theory was that "the law of accomplice liability in Washington requires the State to prove that an accused who is charged as an accomplice with murder . . . knew generally that he was facilitating a homicide," and that a rational trier of fact could infer that an ordinary person would understand that a drive-by shooting is likely to result in death. *Id.* The Washington Supreme Court Commissioner's opinion denying review is undoubtedly confusing, but a careful reading of the entire citation, in context, reveals that the Commissioner's opinion did not rest its reasoning on the theory that the conduct described in section 9A.36.045 could bootstrap a conviction under that section into a conviction for murder. (Supreme Court Op. (Dkt. No. 7 at 617–18).) While less than precise, Sarausad was convicted of being an accomplice to murder because he drove a car for a drive-by shooting, and the state courts (and the jury) believed that, under Washington law, this was an adequate factual basis for finding the *actus reus* of being an accomplice to murder—not because drive-by shooting is an independent felony.

As the Court has previously determined, however, Petitioner has made a substantial showing of the denial of a constitutional right, because reasonable jurists could disagree on this issue. (*See* Certificate of Appealability (Dkt. No. 77 at 6–7).) The Court therefore GRANTS a certificate of appealability on the question of whether Petitioner's right to due process was violated because the accomplice liability statute failed to provide him with fair notice.

### B. Petitioner's Equal Protection Claim

Petitioner's second argument is that the jury instructions on accomplice liability allowed Sarausad to be convicted of murder and attempted murder with less evidence of intent than required to convict the principal, in what Petitioner alleges is a violation of the equal protection principles embodied in the federal Constitution. Again, Judge Donohue's reasoning on this point is sound, and the Court adopts it in full. There is no constitutional requirement that a gunman and the person who facilitates the gunman's ability to shoot a victim must be treated in the same way, because the two are not similarly situated. (Dkt. No. 76 at 11.) And

ORDER
PAGE - 6

the Supreme Court has never held that it is a violation of the Equal Protection Clause to convict an accomplice with a level of *mens rea* different from the *mens rea* of the principal. (*See id.* at 12.)

In his objections, Petitioner renews his argument that *Emmund v. Florida*, 458 U.S. 782 (1982), supports his theory, but, as Judge Donohue correctly observed, that case is inapposite. In *Emmund*, the Supreme Court held that the Eighth Amendment forbids imposition of the death penalty on one who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, or even intend that lethal force be employed. *Id* at 797. The case based its reasoning not on equal protection principles, but on the seriousness of the death penalty: "The focus must be on [the defendant's] culpability, not on that of those who committed the robbery and shot the victims, for we insist on individualized consideration as a constitutional requirement in imposing the death sentence." *Id.* (citing *Lockett v. Ohio*, 438 U.S. 836, 605 (1978) (internal quotation marks omitted)). *Emmund* was an Eighth Amendment death penalty case alone. Sarausad did not receive the death penalty. The Eighth Amendment is not at issue here. The reasoning cannot be extended to apply to him—especially upon section 2254(d)'s constrained standard of review, which would require the equal protection right to be "clearly established."

Petitioner again argues, in his objections, that he was convicted of intentional murder "without proof that he intended murder to result from his actions." (Objections 2 (Dkt. No. 77).) Petitioner, at bottom, is challenging the entire theory underpinning Washington's conception of the *mens rea* requirement of accomplice liability—namely, that it is perfectly acceptable in this state for an accomplice to be convicted with a lesser level of *mens rea* than the principal. *State v. Roberts*, 14 P.3d 713, 732 (Wash. 2000). Many scholars and state courts have debated the merits of allowing an accomplice to be derivatively liable for the underlying crime without the same level of *mens rea* required of the principal. *See* Sanford Kadish, *Complicity, Cause and Blame: A Study in the Interpretation of Doctrine*, 73 CALIF. L. REV. 323

ORDER
PAGE - 7

(1985); Joshua Dressler, *Reforming Complicity Law: Trivial Assistance as a Lesser Offense?*, 5 OHIO ST. J. CRIM. L. 247 n.4 (2008) (discussing the "natural and probable consequences doctrine" and collecting cases); *Sharma v. State*, 56 P.3d 868, 871–72 (Nev. 2000) (rejecting the "natural and probable consequences doctrine," calling it "harshly criticized by most commentators as both incongruous and unjust because it imposes accomplice liability solely upon proof of foreseeability or negligence when typically a higher degree of *mens rea* is required of the principal"). But none of these pronouncements comes from the United States Supreme Court, and thus this Court's review, on a petition for habeas corpus, is simply at an end. 28 U.S.C. § 2254(d).

For reasons previously expounded, however, Petitioner has made a substantial showing of the denial of a constitutional right, because reasonable jurists could disagree on this issue. (*See* Certificate of Appealability (Dkt. No. 77 at 7–8).) The Court therefore GRANTS a certificate of appealability on the question of whether Petitioner's conviction of murder and attempted murder on an accomplice-liability theory with less evidence of intent than required to convict the principal.

**IV. CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Report and Recommendation. Petitioner's Habeas Corpus Petition (Dkt. No. 1) is DENIED and this matter is DISMISSED with prejudice. The Clerk of Court is directed to send copies of this Order to Magistrate Judge James P. Donohue.

DATED this 2d day of March, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE